**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**WILLIAM NELSON, #67533**                            **PETITIONER**

**VS.**                                                                               **NO.:1:10-cv-00509-HSO-JMR**

**THE STATE OF MISSISSIPPI, ET AL.**                       **RESPONDENTS**

_____

## REPORT & RECOMMENDATIONS

This matter comes before the Court on the Respondent's Motion [12-1] to Dismiss Pursuant to § 2254(d), filed March 1, 2011. Petitioner, William Nelson, filed a Response [15-1] to Respondent's Motion [12-1] on April 15, 2011. Having considered the Respondent's Motion [12-1], and Petitioner's Response [15-1], along with the entire record and the applicable law, this Court finds that Respondent's Motion [12-1] is well-taken and should be granted. Accordingly, Nelson's petition in the above-captioned action should be dismissed. .

## STATEMENT OF THE CASE

The Petitioner, William Nelson III, was convicted of capital murder and sentenced to serve life in the custody of the Mississippi Department of Corrections. *See* Exhibit "A" attached to Motion [12-1]. Nelson filed an appeal with the Mississippi Supreme Court, and the Mississippi Court of Appeals affirmed his conviction and sentence by written opinion on May 20, 2008. *Nelson v. State*, 995 So. 2d 799(Miss. Ct. App. 2008), *reh'g denied*, Sept. 30, 2008, *cert. denied*, 999 So. 2d 374 (December 4, 2008); *see* Exhibit "B" attached to Motion [12-2]. Nelson did not file a petition for writ of certiorari with the United States Supreme Court. *See* Pet'n. [1-1] 3. On December 4, 2009, Nelson filed an application to proceed in trial court with a Motion for Post Conviction Relief ("PCR") with the Mississippi Supreme Court. *See* Exhibit "C" attached to Motion [12-3]. The

Mississippi Supreme Court denied Nelson's Motion for PCR on January 7, 2010. *See* Exhibit "D" attached to Motion [12-4]. Nelson then filed a Motion for Rehearing with the Mississippi Supreme Court that was denied by Motion on March 3, 2010. *See* Exhibit "E" attached to Motion [12-5]. On July 26, 2010, Nelson filed a second application to proceed in trial court with a Motion for PCR with the Mississippi Supreme Court. *See* Exhibit "F" attached to Motion [12-6]. The Motion was denied as a successive writ on September 8, 2011. *See* Exhibit "G" attached to Motion [12-7]. On October 10, 2010, Nelson signed his present Petition for Writ of Habeas Corpus, it was received by the Clerk of Court on October 25, 2010.

## ANALYSIS

The Respondents argue that Nelson's habeas petition is untimely filed in violation of the one-year statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA provides that, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a petitioner's federal habeas petition must be filed before the expiration of a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A). This period begins from the "date on which the [state court] judgement became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1). The Fifth Circuit has held that a state prisoner's conviction is final for purposes of § 2244 ninety days after judgment is entered, the amount of time reserved to a prisoner to file a petition for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Thus, in "assessing the timeliness of a federal habeas petition," the date a judgment became final is critical. *Mark v. Thaler*, 646 F.3d 191, 192 (5th Cir. 2011). However, any properly filed state post-conviction petition will toll the statute of limitations as long as it remains pending. § 2254(d)(2); *Mark*, 646 F.3d at 192.

Nelson did not seek a writ of certiorari to the United States Supreme Court. As such, Nelson's conviction became final ninety (90) days after his direct appeal in state court ended, on March 4, 2009. Therefore, in accordance with the AEDPA's one year statute of limitations, 28 U.S.C. § 2244(d)(1)(A), Martin's habeas petition was due by March 4, 2010. Unless Nelson filed his habeas petition before the expiration of the one-year statutory period, he must rely on any properly filed state court motion for Post-Conviction Relief filed before March 4, 2010 to toll the limitation period.

A review of the record indicates that Nelson signed his state court motion for Post-Conviction Relief on December 2, 2009, and that it was stamped "filed" in the Mississippi Supreme Court on December 4, 2009. The Mississippi Supreme Court denied Nelson's motion by Order on January 7, 2010. This first state petition tolled the statute for thirty-six days, amending the due date of his petition to April 9, 2010.

Nelson filed a Motion for Rehearing with the Mississippi Supreme Court on February 1, 2010, that was denied by Order as improper under MISS. R. APP. P. 27(h) on March 3, 2010. Respondent argues that this motion was not a properly filed motion under § 2244(d)(2) and cannot toll the statute of limitations. The Court finds no reason to address the question because under either scenario Nelson's petition is untimely. Assuming the filing was proper, it would toll the period thirty days, making the new deadline for Nelson's federal habeas petition May 10, 2010.[1] Nelson did file a second petition for post-conviction relief signed July 19, 2010, but as that filing was after the one-year statute had run, it has no effect on the date Nelson's federal petition was due.

---

[1] As the deadline falls on a day the Clerk's office is inaccessible, one day has been added. *See* FED. R. CIV P. 6(a)(3). The alternative date would be April 9, 2010, the date without the benefit of tolling for Nelson's Motion for Rehearing.

Under the "mailbox rule" a petitioner's pro se federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, the earliest Nelson "filed" his petition was on October 20, 2010, the date it was signed. This date is 163 days past the May 10, 2010 deadline, or in the alternative, 194 days after the April 9, 2010 deadline for filing his federal habeas petition. Nelson's failure to file his petition within the statutory deadline warrants dismissal of his petition.

In Nelson's Response/Reply [15-1] to Motion to Dismiss, read liberally as this Court is compelled to do with a *pro se* petition,[2] he invokes the state-created impediment exception to the final state judgment trigger of the statute of limitations found in § 2244(d). The exception sets the commencement of the one-year period at:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

§ 2244(d)(1)(B). In order to take advantage of the exception a prisoner must show: (1) he was prevented from filing a petition, (2) by state action that was (3) in violation of the constitution or federal law. The only allegation the Court can glean from his reply is a quotation from a Tenth Circuit decision, "unlike the general population which has greater access to court opinions, prisoners must rely exclusively upon the prison law library to discover information contained in court cases." Pet'n Resp. [15-1] 3; *Easterbrook v. Champion*, 213 F.3d 1321, 1323 (10th Cir. 2000). Nelson alleges no facts to show that he was prevented from filing his petition, that he was prevented at the hands of the state, or that in doing so, the state violated federal law or the United States Constitution.

---

[2] A liberal reading of a *pro se* petition is required by *Haines v. Kerner*, 404 U.S. 519 (1972).

Although this Circuit has held that a complete absence of information regarding AEDPA may be considered a state impediment, Neal has presented no evidence that he suffered from such a situation. *See Neal v. Bradley*, 2006 WL 2796404 *3 (N.D. Miss. 2006). Therefore, according to the evidence, the Court finds that there was no state-created impediment entitling Nelson to statutory tolling.

Second, reading the response liberally, Nelson also seeks protection of the § 2244's factual predicate exception that tolls the statute until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). Nelson does not identifies any facts that were indiscoverable through the exercise of due diligence to support a factual predicate exception; rather he bases his arguments on a lack of information contained in new cases not immediately available through the prison library system. Pet'n Resp. [15-1] 3. Though there may be a delay in the availability of new caselaw within the prison system, that does not affect the opportunity for a prisoner to discover the factual predicates of his claim. All factual predicates for the four of the grounds in Nelson's petition were available to him either at or directly after trial and appeal.[3] Accordingly, the Court finds that Nelson is not entitled to statutory tolling under § 2244(d)(1)(D).

Last, Nelson makes an claim for equitable tolling of the statute of limitations. *See Egerton v. Cockrell*, 334 F3d. 433 (5th Cir. 2003). The "extremely circumscribed" equitable exception is available in the rare circumstances where "the [petitioner] is actively misled by the [state] about the cause of action or is prevented in some extraordinary way from asserting his rights" or is misled by a court into the belief that the period has been extended. *Rashidi v. American President* Lines, 96

---

[3]Nelson argues four claims: (1) ineffective assistance of trial and appellate counsel, (2) abuse of discretion by trial court, (3) sufficiency of evidence and (4) prosecutorial misconduct. (*See* Pet'n. [1-1] 5-10.).

F.3d 124, 128 (5th Cir. 1996); *Neal*, at *3. Nelson has presented no evidence of a lack of information concerning AEDPA or its statute of limitations period, nor has he pled any active misleading by the state. Nelson solely focuses his argument on his limited education and ignorance of the law. However, "ignorance of the law, even for an incarcerated *pro se* petitioner, genreally does not excuse prompt filing." *Howland v. Quarterman*, 507 F.3d 840, 846 (5th Cir. 2007). As a result, Nelson does not present the court with a exceptional circumstance contemplated by law sufficient to invoke equitable tolling of the limitations period.

## **CONCLUSION**

Nelson's conviction became final on March 4, 2009. Thereafter, Nelson had one year or until March 4, 2010, to file a federal petition for a writ of habeas corpus. Nelson did file a petition for Post-Conviction Relief and a Motion for Rehearing with the state court. Assuming, but not conceding, that the Motion for Rehearing was a properly filed motion, Nelson still missed the one-year period by 163 days. Additionally, this Court finds that Nelson is not entitled to any statutory or equitable tolling. It is the recommendation of this Court that Nelson's Petition for Writ of Habeas Corpus should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d).

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from

attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the   9th   day of September, 2011.

                                                                       s/ John M. Roper, Sr.

                                            CHIEF UNITED STATES MAGISTRATE JUDGE