IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIAM NELSON                                                                          PETITIONER

VERSUS                                           CIVIL ACTION NO. 1:10cv509HSO-JMR

STATE OF MISSISSIPPI, ET AL                                                  RESPONDENTS

### ORDER ADOPTING REPORT AND RECOMMENDATIONS, GRANTING MOTION TO DISMISS, AND DISMISSING PETITION WITH PREJUDICE

This matter is before the Court on the Report and Recommendations [20] of Chief Magistrate Judge John M. Roper, entered in this cause on September 9, 2011. The Magistrate Judge recommended that Respondents' Motion to Dismiss [12] be granted, and that Petitioner's Petition for Writ of Habeas Corpus be dismissed based upon the federal one year limitations period set forth at 28 U.S.C. § 2244(d). A copy of the Report and Recommendations was mailed to Petitioner at his last known address by certified mail, return receipt requested, on September 9, 2011. The Report and Recommendations were received at that address on September 16, 2011. Acknowledgment of Receipt [21].

Pursuant to 28 U.S.C. § 636, Petitioner had fourteen (14) days after service of the Report and Recommendations [20] to file any written objections. 28 U.S.C. § 636(b)(1).[1] Petitioner has not filed any objection to the Magistrate Judge's Report and Recommendations to date. Where a party fails to file specific objections to a

---

[1] While the Report and Recommendations [20] states that any party may file written objections within ten (10) days of being served a copy of the Recommendations, 28 U.S.C. § 636 provides that any party may file written objections within fourteen (14) days of service.

magistrate judge's report and recommendations, the district court reviews the report and recommendations for findings and conclusions that are clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1); *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Based on the record before this Court, and having conducted the required review of the Report and Recommendations, the Court is of the opinion that the findings of fact and conclusions of law of the Magistrate Judge are neither clearly erroneous nor contrary to law.  *See* 28 U.S.C. § 636(b)(1).  The Court finds that the Magistrate Judge properly recommended that Respondents' Motion to Dismiss [12] be granted, and that the Petition [1] be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

## I.  DISCUSSION

On March 1, 2011, Respondents filed a Motion [12] to Dismiss Petitioner's Petition for Writ of Habeas Corpus [1] on grounds that it was time-barred by the one year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), specifically 28 U.S.C. § 2244(d).  Petitioner responded to the Motion on April 15, 2011, and later filed a Sur-rebuttal [17], without leave of Court, on May 2, 2011.  In his Sur-rebuttal, Petitioner claims that he is entitled to statutory and/or equitable tolling of the AEDPA's one year time limitation.  Sur-Rebuttal [17] pp. 1-2.  On September 9, 2011, the Magistrate issued his Report and Recommendations [20] finding that Petitioner's claims were time-barred.

While the Magistrate Judge did not explicitly discuss Petitioner's Sur-rebuttal [17], the Sur-rebuttal [17] was filed without leave of Court, and the Court was not obligated to consider it under either the Federal Rules of Civil Procedure or the Local Uniform Civil Rules of the United States District Courts for the Northern and Southern Districts of Mississippi. *See* FED. R. CIV. P. 12; L. U. CIV. R. 7(b). As such, any failure to consider the Sur-rebuttal was not clearly erroneous. Moreover, even considering the allegations raised in the Sur-rebuttal [17], dismissal of the Petition as time-barred remains appropriate.

The AEDPA provides that, unless the narrow exceptions of 28 U.S.C. § 2244(d)(1)(B)-(D) apply, a petitioner's federal habeas petition must be filed within one year of the date the judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d) states that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

>    diligence.
>
> (2) The time which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In the Report and Recommendations [20], the Magistrate Judge found that Petitioner's Petition had to be filed no later than May 10, 2010. Report and Recommendations at p. 3. This date was calculated by tolling the one year limitations period, which ran from the date Petitioner's conviction became final on March 4, 2009, for an additional sixty-six (66) days, or until May 10, 2010, based upon the time during which Petitioner's first motion for state post-conviction relief and his motion for rehearing were pending before the Mississippi Supreme Court. *Id*. The Magistrate did not further toll the limitations period for the time in which Petitioner's second motion for state post-conviction relief was pending, since it was filed after the May 10, 2010, deadline. *Id*.

In his Sur-rebuttal, Petitioner claims he is entitled to additional tolling on grounds that in 2008, 2009, and 2010, "he tried through due diligently [sic] to get information regarding the AEDPA statutory tolling but was denied to this legal assistance . . . ." Sur-rebuttal [17] at p. 1. Petitioner argues that such denial was an "extraordinary circumstance that stood in [his] way of receiving the information regarding the (AEDPA) limitation, which prevented [him] from timely filing." *Id*. at 2. He also argues that the "state created impediment actions of [his] first and

second post-conviction motion, which tolled his time and prevented him from filing his habeas in a timely matter." *Id*.

Because the Court finds that the Magistrate Judge was neither clearly erroneous nor contrary to law in his treatment of Petitioner's first and second motions for state post-conviction relief for purposes of § 2244(d), the Court addresses only Petitioner's argument based upon his denial of legal assistance in 2008, 2009, and 2010.

"In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). While the failure to provide prisoners with access to adequate legal materials can constitute an "impediment . . . created by State action," *Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003), there can be no impediment where the prisoner is actually aware of the existence of the AEDPA well before the one year period expires, *Balawajder v. Johnson*, 252 F.3d 1357, at *1 (5th Cir. 2001). Because it is evident from his Sur-rebuttal that Petitioner was aware well in advance of the expiration of the one year limitations period of the existence of the AEDPA and that it imposed a statute of limitations, he is not entitled to statutory tolling. *See Balawajder*, 252 F.3d 1357, at *1.

Nor is Petitioner entitled to equitable tolling of the limitations period. Under the law of this Circuit, "the AEDPA limitations period is subject to equitable tolling in 'rare and exceptional circumstances.'" *Prieto v. Quarterman*, 456 F.3d 511, 514

(5th Cir. 2006). "[T]he Fifth Circuit has held that an inadequate law library, ignorance of the law, or lack of legal assistance do not constitute 'rare and exceptional' circumstances that warrant equitable tolling of the AEDPA limitations period." *Radcliff v. King*, No. 4:10cv193, 2011 WL 4014465, at *4 (S.D. Miss. Sept. 9, 2011) (citing *Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir. 2000)); *see also Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (stating that ignorance of the law, lack of knowledge of filing deadlines, and inadequacies in prison law libraries are generally insufficient to warrant equitable tolling). Based upon the foregoing, the Court is not of the opinion that any denial of legal assistance to Petitioner was sufficiently "rare and exceptional" to equitably toll the limitations period.

## II. CONCLUSION

After referral of hearing by this Court, no objections having been filed as to the Report and Recommendations, and the Court, having fully reviewed the same as well as the record and relevant law in this matter, and being duly advised in the premises, finds that the Report and Recommendations should be adopted in their entirety as the opinion of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendations [20] of Chief Magistrate Judge John M. Roper, entered in this cause on September 9, 2011, are adopted in their entirety as the findings of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondents'

Motion to Dismiss [12] is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this action is hereby **DISMISSED WITH PREJUDICE**.  A separate judgment will be entered herein in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 21st day of October, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE